

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

**DIVISION OF ENFORCEMENT**

May 12, 2025

**VIA ECF**

Hon. Esther Salas, USDJ
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

   Re: *S.E.C. v. Giltman*, Civil No. 2:22-cv-00051-ES-JRA

Dear Judge Salas:

  Plaintiff Securities and Exchange Commission and Defendant Allen C. Giltman (collectively, the "Parties") jointly move to restore this case to the active docket and stay the action to allow the Parties to explore a potential resolution of all remaining issues. *See* ECF No. 10 (Consent Judgment based on bifurcated settlement); *see also* Docket Entry dated April 8, 2022 (administratively terminating action). On April 23, 2025, parallel criminal proceedings against Giltman based on the same conduct alleged in the SEC's Complaint were fully resolved, with Judge Esther Salas ordering Giltman to pay approximately $31 million in restitution, following her earlier orders sentencing Giltman to 87 months' imprisonment and ordering him to forfeit approximately $480,000 in cash and certain personal property. *U.S. v. Giltman*, Crim. No. 2:22-cr-00002-ES, Crim. ECF Nos. 41 (sentencing), 44 (forfeiture), and 45 (restitution).

  A district court has "broad discretion to stay proceedings as an incident to its power to control its docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A district court deciding a motion to stay should consider the interests of each party, the interests of the courts, the interests of non-parties, and the public interest. *See, e.g., S.E.C. v. Coburn, et al.*, 2019 WL 6013139, *4-5 (D.N.J. Nov. 14, 2019) (assessing relevant factors, citations omitted).

  In this case, the Parties submit that it is in each of their interests to stay this matter while they consider a potential resolution and agree that no party or non-party would be prejudiced by a stay. Further, a stay is in the Court's and the public's interest because a resolution would conserve judicial resources by potentially obviating the need for the Court to resolve this matter. A proposed stay interferes with no current Court-issued deadlines. Accordingly, the Parties respectfully request that this Court grant this joint request for a stay.

Hon. Esther Salas, USDJ
May 12, 2025
Page 2 of 2

    The Parties propose that they submit a joint status report within 90 days after entry of the requested stay.

Respectfully submitted,

| | |
|---|---|
| */s/John J. Bowers* | */s/ Nicholas C. Harbist* |
| John J. Bowers | Nicholas C. Harbist |
| U.S. Securities & Exchange Commission | Blank Rome LLP |
| 100 F. Street, NE | 300 Carnegie Center, Suite 220 |
| Washington, DC 20549-4473 | Princeton, NJ 08540 |
| Tel: (202) 551-4645 | Tel: (609) 750-299 |
| | |
| *Counsel for Plaintiff Securities and Exchange Commission* | Nina Marino (*pro hac vice*) |
| | Jennifer Lieser (*pro hac vice*) |
| | Kaplan Marino PC |
| | 1546 N. Fairfax Avenue |
| | Los Angeles, CA 90046 |
| | Tel: (310) 557-0007 |
| | |
| | *Counsel for Defendant Allen Giltman* |

IT IS SO ORDERED on this ___ day of May 2025.

_____
Hon. Esther Salas, USDJ